# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 11 B 26953 |
| Jesus and Maribel Herrera | ) Judge Jack Schmeterrer |
| | ) CHAPTER 13 |
| | ) |
| Jesus and Maribel Herrera, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) ADV. NO. 2011 AP 01809 |
| | ) |
| Bank of America, N.A., | ) |
| | ) |
| Defendant, | ) |

## FINDINGS OF FACT

**A. The Parties:**

    1.  The Plaintiffs are Jesus and Maribel Herrera ("Plaintiffs").

    2.  The Defendant is Bank of America, N.A. ("Defendant").

**B. Factual Background:**

1. On or about June 29, 2011, Plaintiffs filed a petition under Chapter 13 of the U.S. Bankruptcy Code.

2. The Plaintiffs are the owners of a house, their principal place of residence, located at 39 King Arthur Ct., Apt. 2, Northlake, IL 60164.

3. That Wells Fargo Bank, as Trustee for Carrington Mortgage Loan Trust, holds a first mortgage lien on the real property commonly known as 39 King Arthur Ct., Apt. 2, Northlake, IL 60164 with a secured claim of $153,209.31, pursuant to Proof of Claim, filed by Wells Fargo Bank on July 5, 2011, in case number 11 B 30609.

1

4. The Defendant holds a second mortgage lien on the real property known as 39 King Arthur Ct., Apt. 2, Northlake, IL 60164, in the approximate amount of $38,536.30, pursuant to Proof of Claim, filed by Bank of America, N.A., on August 8, 2011, in case number 11 B 30609.

5. That the Plaintiffs obtained a Comparable Market Analysis of the property indicating the value of 39 King Arthur Ct., Apt. 2, Northlake, IL 60164 as $37,166.00. Said Comparable Market Analysis was performed on August 18, 2011 by Billy Smith CRS, ABR, GRI.

6. The Chapter 13 Plan filed on August 15, 2011 provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $575.00 per month for 60 months and the general unsecured creditors shall receive 10% of their unsecured claims.

7. On August 28, 2011, the Plaintiffs filed a complaint to determine the value of security and release of Bank of America underlying lien on the Debtors' property.

8. On August 29, 2011, a copy of the summons and complaint was served in accordance with Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure by U.S. certified mail to: Prober & Raphael, Attorney for Creditor, P.O. Box 4365, Woodland Hills, CA 91365; Dennis Bell, Agent for BAC Home Loan Servicing Inc., 509 Vienna St., Metropolis 62960; C T Corp. Systems, Agent for Bank of America, 208 S. LaSalle, Suite 814, Chicago 60604;and James Forbes, President of Bank of America, 401 N. Tryon, St. Charlotte, NC 28255.

9. The summons indicated that a Motion or Answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

2

10. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

11. No evidence has been presented to challenge the property value of approximately $37,166.00.

12. The first secured claim of Wells Fargo Bank, as Trustee for Carrington Mortgage Loan Trust of $153,209.31 exhausts the value and equity in the Plaintiffs' residence.

13. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C § 506(a) and F. R. Bankr. P. 3012.

4. The Debtors scheduled the first secured claim of Wells Fargo Bank, as Trustee for Carrington Mortgage Loan Trust in the amount of $153,209.31, and the second secured claim of Bank of America, N.A. in the amount of $38,536.30.

5. That value of Plaintiffs' residence is approximately $37,166.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. §506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under §506(d) is reinstated. *11. U.S.C.§349(b)(1)(C)*.

3

Although the Seventh Circuit has not yet considered the issue, the vast majority of

circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11

U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of

home mortgages in 11 U.S.C. §1322(b)(2) as implied by *Nobelman v. American*

*Savings Bank,* 508 U.S. 324 (1993*). See Pond v. Farm Specialist realty* (In re Pond),

252 F. 3d 122 (2nd Cir. 2001); *McDonald v. Master Fin., Inc.* (In re McDonald), 205

F. 3d 606 (3d Cir. 2000); *In re Bartee,* 212 F. 3d 277 (5th Cir. 2000); *In re Lane,* 280

F. 3d 663 (6th Cir. 2002); *Zimmer v. PSB Lending Corp.,* 313 F. 3d 1220 (9th Cir.

2002); and *In re Tanner,* 217 F. 3d 1357 (11th Cir. 2000).

Dated: _11/8/11_

United States Bankruptcy Judge

NOV 08 2011

Thomas G. Stahulak
STAHULAK & ASSOCIATES
53 W. Jackson Blvd, Ste 652
Chicago, Illinois 60604
Tel: (312) 662-1480
Fax: (312) 268-7328

4